### BILL GURLEY V. STATE

No. 31,489. February 10, 1960

*Archer & Brownlee,* By *W. T. Brownlee* of counsel, Perryton, for appellant.

*Jack M. Allen,* County Attorney, Perryton, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Upon a plea of guilty before the court without a jury, appellant was convicted of aggravated assault upon a female and his punishment assessed at confinement in jail for a term of one year.

Appellant predicates his appeal upon the contention that the court erred in overruling his motion for a new trial in which he alleged, among other reasons, that his plea of guilty was entered in the cause because of certain misrepresentations of a deputy sheriff; that he was denied representation by counsel in the cause because of misrepresentations by the deputy sheriff and that new evidence material to him had been discovered since the trial. The record does not reflect that the motion was presented to and acted upon by the court; therefore appellant's contention is not before us for review.

The contention is also made by appellant that his conviction should be reversed because the evidence adduced upon the trial was insufficient to show his guilt.

The rule is well settled in this state that where an accused enters a plea of guilty in a misdemeanor case it is not necessary that the state introduce evidence showing his guilt. See Hunt v. State, 167 Tex. Cr. R. 51, 317 S. W. 2d 743 and cases there cited.

Finding no reversible error; the judgment is affirmed.

Opinion Approved by the Court.